UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT NEIL SAMPSON,

    Petitioner,

v.

DAVID ORTIZ,

    Respondent.

Civ. No. 18-10183 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Robert Neil Sampson ("Petitioner"), an inmate incarcerated at FCI Fort Dix, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration. The Court has examined the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b).[1] For the following reasons, the Court will deny the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

## I.    BACKGROUND

The Court will construe the allegations in the Petition as true for the purpose of this Opinion. This case arises from the conditions of Petitioner's incarceration at FCI Fort-Dix. On September 20, 2012, Officers from Prince George County, Maryland, seized Petitioner pursuant to Arrest Warrant No. 5E0049412, from August 31, 2012. (ECF No. 1-4, at 2). A state grand jury then indicted Petitioner on the same conduct and returned a thirty-one-count indictment charging

---

[1] Pursuant to Rule 4, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, a court must dismiss the petition and direct the Clerk of Court to notify the petitioner.

Petitioner with carjacking and related offenses under County Court No. CROE0049463. (ECF No. 1-4, at 2).

After approximately five months in detention pending trial, Petitioner submitted an omnibus speedy trial motion. In response, the State successfully moved to declare all charges under County Court No. CROE0049463 *nol pros* in lieu of a federal request for prosecution, but the charges under Arrest Warrant No. 5E0049412 remained active and untried, with the speedy trial motions still pending. (ECF No. 1-3, at 2–3). Petitioner contends that the "remaining charges appear to have served as a defacto detainer" for the State of Maryland. (*Id.* at 3). On February 9, 2013, Petitioner appeared before the Federal District Court of Maryland, Greenbelt Division, on the "same conduct" as the untried and *nol pros* charges.

The remaining procedural history is unclear, but the gravamen of the Petition is that the presentence report showed that Petitioner had active state charges. After sentencing, the Federal Bureau of Prisons appears to have raised Petitioner's custody level as a result of those active charges. In turn, because "Petitioner's custody level is higher, he cannot participate in, or receive the benefits of some institutional programming. Particularly programs provided at other institutions with a lower custody level requirement." (ECF No. 1-4, at 5–6).

At each level of the Maryland state courts, Petitioner sought to remove the untried state criminal charges, but the Petition does not specify why those courts denied his requests, and whether the denials occurred before or after his federal sentencing hearing. (ECF No. 1-4, at 6).

On June 5, 2018, Petitioner filed the instant petition, requesting that this Court order the Maryland state courts to dismiss the untried charges or alternatively, to "perform whatever records housekeeping that would remedy the open and pending charge status" on those untried charges, so that Petitioner may enjoy a lower custody level. (ECF No. 1-4, at 8).

## II. DISCUSSION

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

With those principles in mind, the Court finds that Petitioner's claims do not sound in habeas. A petition for writ of habeas corpus seeks to challenge the fact or length of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). Petitioner, however, does not attack the duration of his incarceration nor does he seek release from prison.

Instead, Petitioner challenges the existence of untried *state* charges against him, which raise his Federal Bureau of Prisons custody level. In turn, that increased custody level reduces Petitioner's quality of life and ability to access institutional programs, *i.e.*, his conditions of confinement. The Third Circuit has explicitly held, however, that claims concerning the determination of a prisoner's custody level "do not lie at the 'core of habeas' and, therefore are

not cognizable in a § 2241 petition." *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) (explaining that courts should not engage in habeas corpus review of custody classification claims because they do not challenge the validity of a conviction or the length of one's confinement).

In turn, because Petitioner's custody level claims are not cognizable in a habeas petition, he must proceed by way of a civil rights or declaratory judgment action. *Leamer*, 288 F.3d at 542–43. Accordingly, the Court will dismiss Petitioner's § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

This Court will not, however, *sua sponte* recharacterize the Petition as a civil complaint, as there are meaningful differences between the filing of a habeas petition and a civil complaint. The filing fee for a habeas petition is $5.00, and inmates who receive *in forma pauperis* status do not have to pay the filing fee. *Dixon v. Zickefoose*, No. 12-2320, 2012 WL 4845661, at *2 n.1 (D.N.J. Oct. 10, 2012) (citing *Santana v. United States*, 98 F.3d 752 (3d Cir. 1996)). In contrast, the filing fee for a civil complaint is $400.00, but inmates who proceed *in forma pauperis* are required to pay a $350.00 filing fee from their inmate accounts in automatically deducted monthly installments. *Id.* (citing 28 U.S.C. § 1915(b)). Additionally,

> if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.

*Id.* (citing 28 U.S.C. § 1915(g)). In light of these differences, the "Court will not *sua sponte* recharacterize this pleading as a civil complaint." *E.g. id.*; *Bourahima Quattara v. U.S. Citizenship & Immigration Servs.,* No. 12-0263, 2012 WL 395726, at *1 (D.N.J. Feb. 2, 2012); *see also Cohen*

*v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010) (affirming District Court's determination not to re-characterize a § 2241 petition as civil complaint).

Here, Petitioner has only paid the $5.00 filing fee for a habeas petition. If Petitioner wishes to bring his claims as a civil complaint, he may file a complaint in a new docket number and either prepay the $400.00 filing fee or apply to proceed *in forma pauperis*.

### III.   CONCLUSION

For the foregoing reasons, the Court will deny the § 2241 Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in the appropriate court. An appropriate order follows.

Dated: February  5th , 2019                     s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge