# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT NEIL SAMPSON, | : |
| | : |
| Petitioner, | :     Civ. No. 18-10183 (RBK) |
| | : |
| v. | : |
| | : |
| DAVID ORTIZ, | :     **OPINION** |
| | : |
| Respondent. | : |
| | : |

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner, an inmate incarcerated at FCI Fort Dix, filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, purporting to challenge aspects of his incarceration. Before the Court is Petitioner's motion for reconsideration under Federal Rule of Civil Procedure 59(e). Petitioner seeks reconsideration of the Court's February 5, 2019, decision, to deny the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court.

## I.     BACKGROUND

    As the Court has already set forth the background of this case in its earlier Opinion, the Court will only address those facts necessary to address the instant motion. This case arises from Petitioner' state court charges and their resulting effect on the conditions of Petitioner's incarceration at FCI Fort-Dix. On September 20, 2012, officers from Prince George County, Maryland, seized Petitioner pursuant to Arrest Warrant No. 5E0049412. (ECF No. 1-4, at 2). A state grand jury then indicted Petitioner on the same conduct and returned a thirty-one-count indictment charging Petitioner with carjacking and related offenses under County Court No. CROE0049463. (ECF No. 1-4, at 2).

After approximately five months in detention pending trial, Petitioner submitted an omnibus speedy trial motion. In response, the State successfully moved to declare all charges under County Court No. CROE0049463/CT121464X *nolle prosequi* in lieu of a federal request for prosecution, but the charges under Arrest Warrant No. 5E0049412 remained active and untried, ostensibly with the speedy trial motions still pending. (ECF No. 1-3, at 2–3, 5). Petitioner contends that the "remaining charges appear to have served as a defacto detainer" for the State of Maryland. (*Id.* at 3). On February 9, 2013, Petitioner appeared before the United States District Court, for the District of Maryland, Greenbelt Division, on the "same conduct" as the *nolle prosequi* charges, and eventually received a federal conviction and sentence.

The remaining procedural history is unclear, but the gravamen of the Petition is that the presentence report showed that Petitioner had active state charges. After sentencing, the Federal Bureau of Prisons ("BOP") appears to have raised Petitioner's custody level as a result of those charges. In turn, because "Petitioner's custody level is higher, he cannot participate in, or receive the benefits of some institutional programming. Particularly programs provided at other institutions with a lower custody level requirement." (ECF No. 1-4, at 5–6).

On July 8, 2015, BOP staff sent a detainer action letter to the Prince George County Circuit Court in Maryland, advising that the BOP was aware of an outstanding arrest warrant against the Petitioner and as to the proper procedures for requesting a detainer. (ECF No. 1-3, at 22). The letter also noted Petitioner's tentative release date in 2034. (*Id.*). It appears from the Petition that the State did not request a detainer. (ECF No. 1, at 2 (showing that Petitioner did not select "detainer" as the decision at issue, but listing "Other: Pending State Charges)). At each level of the Maryland state courts, Petitioner sought to remove the untried arrest warrant charges, and those

courts appear to have denied his requests, without deciding the issue on the merits. (ECF No. 1-4, at 6).

On June 5, 2018, Petitioner filed the instant Petition, requesting that this Court order the Maryland state courts to dismiss the untried charges or alternatively, to "perform whatever records housekeeping that would remedy the open and pending charge status" on those untried charges, so that Petitioner may enjoy a lower custody level. (ECF No. 1-4, at 8). On February 5, 2019, the Court denied the Petition without prejudice to any right Petitioner may have to bring a declaratory judgment or other civil action in an appropriate court, for lack of jurisdiction. Now, Petitioner seeks reconsideration and argues that this Court does have jurisdiction to consider his claims.

## II.    STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e) and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III.    DISCUSSION

As discussed in the Court's earlier Opinion, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for

relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983" or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

In certain cases, district courts have jurisdiction "to issue a writ of habeas corpus before a judgment of conviction . . . in a state criminal proceeding . . . under 28 U.S.C. § 2241(c)(3)." *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *3 (D.N.J. May 12, 2009)(citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975)).

Such cases must meet the jurisdictional requirements of § 2241(c)(3), which state in relevant part: "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . He is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson*, 2009 WL 1322362, at *4 (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

With those principles in mind, this Court found that Petitioner's claims against his state charges, as well as any challenge to his BOP custody level, did not sound in habeas. (ECF No. 2, at 3–4). Neither challenge met the custody requirement of § 2241, as they did not attack the duration of his incarceration, nor did they seek his release from prison. (ECF No. 2, at 3).

Instead, Petitioner challenged the existence of untried *state* charges against him, which he alleged are a "*defacto* detainer" that raised his BOP custody level. (ECF No. 1-3, at 2–3). Stated

differently, Petitioner did not challenge his "custody" as a result of his *federal* conviction and sentence, nor is he "in custody" for the purposes of § 2241, pursuant to an *actual* detainer on state charges. *See Maleng*, 490 U.S. at 493.

As a result, because a finding in Petitioner's favor, such as declaring his state charges invalid under speedy trial grounds, performing "whatever electronic housekeeping" is necessary to close those charges, or changing his custody level "would not alter his [*Federal*] sentence or undo his [*Federal*] conviction," or otherwise "require his sooner release"[1] he could not and cannot proceed by habeas petition. *See Leamer*, 288 F.3d at 542; (ECF No. 2, at 3–4).

In his motion for reconsideration, Petitioner clarifies[2] his claims and briefly refers to a line of cases, *Greene v. Fisher*, 565 U.S. 34, 38 (2011), *Ex parte Royall*, 117 U.S. 241, 250 (1886), and *Moore v. DeYoung*, 515 F.2d 437, 444 (3d Cir. 1975), which generally held that habeas jurisdiction extends to state prisoners for certain pre-trial challenges to their current or future custody.

What Petitioner fails to understand, however, is that in each of those cases, the petitioners were *state* prisoners "in custody" pursuant to *state* sentences, or *state* detainers, or both. *See* 28 U.S.C. § 2241(c)(3). Consequently, it was possible that those challenges could have required a "*sooner release* if resolved in the [petitioners'] favor," and were thus, in the province of habeas corpus. *See Leamer*, 288 F.3d at 542. Unlike those prisoners, Petitioner is a federal prisoner, who is presently in federal custody.

---

[1] In the context of an actual detainer, "custody" under § 2241 stems from one's "future detention based on the claim that respondent threatens to hold him beyond the expiration date of his sentence." *See, e.g.*, *Soyka v. Alldredge*, 481 F.2d 303, 304–05 (3d Cir. 1973). Consequently, a challenge to an actual detainer could result in a petitioner's sooner release.

[2] Petitioner contends that the Court should not have also construed his Petition as a direct challenge to his BOP custody level. (ECF No. 6, at 3). As explained in greater detail below, the Court concluded that it lacked jurisdiction to hear a challenge as to both his untried state charges and BOP custody level. Consequently, to the extent Petitioner takes issue with the Court's liberal construction of his Petition, it does not change this Court's lack of jurisdiction.

The Supreme Court has held that where a state "has placed a detainer with the federal authorities to ensure that at the conclusion of respondent's federal sentence, he will be returned to the state authorities to begin serving his . . . state sentences" the federal prisoner "was 'in custody' under his . . . state sentences" for the purposes of § 2241. *Maleng*, 490 U.S. at 493.

In contrast, Petitioner "is in federal custody in New Jersey[,] and [Maryland] has not lodged a detainer or otherwise indicated an intention to obtain future custody of Petitioner." *See Wilson*, 2009 WL 1322362, at *4; (ECF No. 1). Petitioner alleges that the outstanding Maryland charges are a "*defacto* detainer" in the sense that they affect his BOP custody level, but does not allege that there has been "a request . . . asking that the prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent." *Fex v. Michigan*, 507 U.S. 43, 44 (1993) (defining a "detainer"); (*See* ECF No. 1).

This Court, and at least two Circuits, have held "that a petitioner incarcerated in one state is not 'in custody' to attack charges in another state where the second state has not lodged a detainer or otherwise expressed an intention to take future custody of Petitioner." *Wilson*, 2009 WL 1322362, at *5 (citing *Daker v. Baker*, 263 F. App'x 809, 812 (11th Cir. 2008); *Stacey v. Warden, Apalachee Correctional Institution*, 854 F.2d 401, 403 (11th Cir. 1988); *Dodd v. United States Marshal*, 439 F.2d 774, 775 (2d Cir. 1971)); *see also Howard v. Warden*, 776 F.3d 772, 776 (11th Cir. 2015).

That said, the Petition and accompanying documents offer no reasonable basis to conclude that Maryland state authorities "will seek custody of Petitioner upon the conclusion of his federal sentence." *Wilson*, 2009 WL 1322362, at *5. Petitioner does not allege that state authorities intend to seek custody of him. Indeed, the thrust of his Petition is that the State "intended to 'nol pros'

its [entire] case"[3] and that the continued existence of the arrest warrant charges is a "housekeeping" issue, that is "fundamentally misaligned with the State's intent." (ECF No. 1-4, at 4).

Petitioner's supporting documents include a transcript of proceedings before the Prince George County Circuit Court, in which the prosecutor advised that "the State will enter the State's case *nolle prosequi*," as well as a docket sheet confirming the same. (ECF No. 1-3, at 5, 20). Further, it appears that officials declined to request a detainer, despite the BOP's February 15, 2013, detainer action letter. Consequently, "on the face of the Petition, there is no reasonable basis to apprehend that [Prince George] County authorities will seek custody of Petitioner upon the conclusion of his federal sentence." *Wilson*, 2009 WL 1322362, at *5.

Accordingly, Petitioner is not "in custody" for the purposes of § 2241, and thus, his arguments on reconsideration do not change the Court's conclusion that it lacked jurisdiction. *Id.* (finding same despite outstanding warrants); *Whiteley v. Attorney Gen. of Connecticut*, No. 06-4866, 2007 WL 121457, at *4 (D.N.J. Jan. 11, 2007)(finding same despite outstanding charges); *see also, e.g.*, *Howard*, 776 F.3d at 777 (finding same despite "dead-docket" indictment that could be reinstated at any time); *Dodd*, 439 F.2d at 775 (finding same despite outstanding conviction and fifteen year sentence).

As a result, the Court will deny Petitioner's motion for reconsideration as he has failed to show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677.

---

[3] In Maryland, a "*nolle prosequi*, or *nol pros*, is an action taken by the State to dismiss pending charges when it determines that it does not intend to prosecute the defendant under a particular indictment." *State v. Huntley*, 983 A.2d 160, 162 n.4 (Md. 2009). "To enter a *nol pros* is an abandonment of the prosecution." *State v. Simms*, 175 A.3d 681, 689 (Md. 2017) (internal quotation marks omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration.  An appropriate Order follows.


Dated:  January  13  , 2020                            s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge